**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TSHOMBE KELLEY,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>A. HERRERA, Correctional Officer; et al.,<br><br>        Defendants-Appellees. | No.   18-17157<br><br>D.C. No. 2:16-cv-01894-JAM-CKD<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted November 18, 2019**

Before:    CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

California state prisoner Tshombe Kelley appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging excessive force

and failure to protect.  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo the district court's ruling on cross-motions for summary judgment.

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016).  We affirm.

The district court properly granted summary judgment for defendants on Kelley's excessive force claim because Kelley failed to raise a genuine dispute of material fact as to whether defendants maliciously and sadistically used force against him.  *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (the "core judicial inquiry" in resolving an Eighth Amendment excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm").

Because Kelley failed to raise a genuine dispute of material fact as to whether defendants used excessive force against him, the district court properly granted summary judgment for defendants on Kelley's claim that defendants failed to protect him from the use of excessive force.  *See Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) (officers "have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen" (citation and internal quotation marks omitted)).

We reject as unsupported by the record Kelley's contention that the district court improperly sealed confidential materials.

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**